UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
JOSE MATOS,

                 Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

------------------------------------------ x

MEMORANDUM DECISION
AND ORDER

20 Civ. 10686 (GBD) (JW)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Jose Matos brings this action against Defendant, the Commissioner of Social Security under Title XVI of the Social Security Act, 42 U.S.C. §§1381-1385. Plaintiff seeks review of an administrative law judge's ("ALJ") December 26, 2019 decision to deny Plaintiff disability benefits. (*See* Complaint, ECF No. 1.) Both parties moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (*See* ECF Nos. 20, 22.)

    On February 1, 2022, this case was referred to Magistrate Judge Jennifer E. Willis. Before this court is Magistrate Judge Willis's June 16, 2022 Report and Recommendation (the "Report") recommending that Plaintiff's motion for judgment on the pleadings (ECF No. 20) be GRANTED and the case remanded pursuant to sentence four of 42 U.S.C. §405(g), and Defendant's motion for judgment on the pleadings (ECF No. 22) be DENIED.[1] (*See* Report, ECF No. 25, at 20.) Magistrate Judge Willis informed the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*See* Report at 21.) No timely objections

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

1

have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### a. Report and Recommendation

A court may "accept, reject, or modify, in whole or in part, the findings or recommendations" set out in a magistrate judge's report and recommendation. 28 U.S.C. §636(b)(1)(C). A report and recommendation of a magistrate judge is reviewed for clear error when not objected to by the parties. *See Edwards v. Fischer*, 414 F. Supp 2d 342, 346-47 (S.D.N.Y. 2006) (citations omitted). This standard of review requires a court to reverse a finding only when it is left "with the definite and firm conviction that a mistake has been committed," and not merely because the court would have "decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).

### b. Rule 12(c) Motion for Judgment on the Pleadings

Federal Rules of Civil Procedure Rule 12(c) permits parties to "move for judgment on the pleadings" once the pleadings have been closed but "early enough not to delay trial." Fed. R. of Civ. P. 12(c). A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. However, the Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. Substantial evidence is more than a mere scintilla. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). It requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). This is a "very deferential standard of review." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The Court may not determine *de novo* whether

Plaintiff is disabled but must accept the ALJ's findings unless "a reasonable factfinder would have to conclude otherwise." *Id.*

## II. PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS IS GRANTED

### a. Dr. Fassler's Opinion

Magistrate Judge Willis appropriately concluded that Dr. Fassler's opinion is inherently contradictory and therefore should not be given the controlling weight afforded by the ALJ in this instance. The ALJ failed to reconcile Dr. Fassler's assessment that Plaintiff has moderate limitations to his mental abilities and "sustained concentration and persistence limitations" with Dr. Fassler's conclusion that Plaintiff "retains functional capacity to perform the basic mental demands of competitive remunerative, unskilled work on a sustained basis." (Report at 18.) This constitutes an error of law.

Moreover, the ALJ failed to address the Plaintiff's moderate limitations in completing a normal workday in light of a vocational expert's testimony that a person who is absent more than once per month, thirty minutes late more than one day per month, and off task more than 10% of the time will be precluded from the competitive job market. (Report at 14-16.) The ALJ provided no explanation as to how an individual with moderate limitations, such as those that Dr. Fassler discovered, would be able to sustain a position in the job market described by the vocational expert. *Id.*

### b. Treating Psychiatrist Assessments

Magistrate Judge Willis correctly determined that the ALJ appropriately gave little weight to Plaintiff's treating psychiatrists, Dr. Sagerman and Dr. Schwartz. (Report at 17-18.) Their opinions were inconsistent with the medical record which did not support any more than moderate limitations—not restrictive limitations as the doctors opined. (Report at 17.)

### c. Dr. Damari's Opinion

Magistrate Judge Willis also correctly found that the ALJ erred in rejecting, without appropriate explanation, Dr. Engelberg Damari's findings of "significant limitations." (Report at 16-17.) Dr. Damari found that these significant limitations apply to Plaintiff's "ability to maintain a regular schedule, learn new tasks, and perform complex tasks independently, relate adequately with others, and…appropriately deal with stress." (Report at 16.) The ALJ determined that this finding was not fully consistent with the overall record, but failed to posit why. The lack of explanation is an error of law and the ALJ's decision is not supported by substantial evidence.

### CONCLUSION

The Court agrees with Magistrate Judge Willis that a remand for further evidentiary proceedings is warranted. Plaintiff's motion for judgment on the pleadings, ECF No. 20, is GRANTED. Defendant's motion for judgment on the pleadings, ECF No. 22, is DENIED. The ALJ's decision is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this opinion.

The Clerk of Court is directed to close ECF Nos. 20 and 22 accordingly.

Dated: New York, New York
August 3, 2022

SO ORDERED.

*George B Daniels*
GEORGE B. DANIELS
United States District Judge